# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NEW WORLD INVESTMENTS, LLC,

        Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,

        Defendants.

Case No.: 2:17-cv-02540-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 5), filed by Plaintiff New World Investments, LLC ("Plaintiff"). Defendant Deutsche Bank National Trust Company ("Defendant") filed a Response, (ECF No. 13), and Plaintiff filed a Reply, (ECF No. 15).[1] For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED.**

## I.    BACKGROUND

Plaintiff filed this action in state court on August 23, 2017, seeking to quiet title to the real property located at 2366 Cardiff Lane, Unit C, Las Vegas, Nevada 90108. (Compl., Ex. A to Pet. for Removal, ECF No. 1-2). Defendant removed the action to this Court pursuant to 28 U.S.C. § 1331, citing to the Ninth Circuit's decision in *Bourne Valley Ct. Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). (Pet. For Removal ¶¶ 3–4, ECF No. 1). Alternatively, Defendant claims in its Petition for Removal that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 5). In the instant Motion, Plaintiff seeks to remand this case back to state court based on the lack of subject matter jurisdiction and diversity

---

[1] Defendant filed a Second Response, (ECF No. 14), on October 23, 2017. Pursuant to LR 7-2(b), the deadline to file and serve a response to a motion is fourteen days after service of the motion. Here, Defendant's Second Response was filed seventeen days after the Motion to Remand was filed and is therefore untimely. Accordingly, the Court will not consider Defendant's Second Response, (ECF No. 14).

Page 1 of 9

jurisdiction. (*See* Mot. to Remand 3:13–23, ECF No. 5).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

III. **DISCUSSION**

**A. Federal Question**

Plaintiff contends that Defendant's "reliance on *Bourne Valley* amounts to a defense to Plaintiff's claim for relief. There is no federal question on the face of the complaint. There is no federal law in dispute, and allowing removal would eviscerate the balance between federal and state courts." (Mot. to Remand 6:9–13, ECF No. 5).

In response, Defendant argues that jurisdiction is established under the well-pleaded complaint rule because "it is clear from the face of the Complaint that Plaintiff's 'right to relief' depends on a substantial question of federal law." (Resp. 5:8–9, ECF No. 13). Specifically, Defendant argues that Plaintiff's right to quiet title "depends on a substantial question of federal law – namely, the unconstitutionality of the that [sic] statutory scheme affording notice under federal due process principles – thereby conferring jurisdiction under § 1331." (*Id.* 6:11–13).

In the alternative, Defendant claims that three exceptions to the well-pleaded complaint rule apply. First, Defendant argues that jurisdiction exists under the substantial federal question exception. (*Id.* 9:16–17). Second, Defendant avers that "this case qualifies for the 'artful pleading' exception because state and federal decisions have reached different conclusions on the same major issue of federal law that is outcome determinative." (*Id.* 6:14–16). Third, Defendant asserts that "[f]ederal question jurisdiction is also present here because the 'defensive coercive action' exception applies." (*Id.* 12:7–8). The Court will address each of Defendant's arguments in turn.

   *1. Well-Pleaded Complaint Rule*

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Here, Plaintiff has not stated any federal claims. Plaintiff's claims against

Defendant for quiet title and declaratory relief arise under state law. Accordingly, the Court finds that Defendant has failed to establish federal question jurisdiction under the well-pleaded complaint rule.

    2. *Substantial Federal Question Exception*

Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983). However, there is a narrow category of state law claims that "implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under the substantial federal question doctrine, "[f]ederal jurisdiction over a state law claim may lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Premier One Holdings, Inc. v. Nationstar Mortg.*, LLC, No. 2-17-cv-01133-RFB-NJK, 2018 WL 3207590, at *2 (D. Nev. June 30, 2018) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

The second element of the *Grable* test requires that a federal issue be actually disputed. At the time Defendant sought to remove the case, the Ninth Circuit had already decided *Bourne Valley*. Thus, when Defendant filed its Petition for Removal, "a federal court had determined that the nonjudicial foreclosure scheme of [Nevada Revised Statute ("NRS")] 116 was unconstitutional; therefore, there remained no disputed federal issue at the time of removal." *Premier One Holdings, Inc.*, 2018 WL 3207590 at *2 (D. Nev. June 30, 2018) (finding that "as there no longer remained a disputed federal issue at the time Nationstar removed this case to federal court, the *Grable* test is not satisfied, and federal question jurisdiction is improper"). In light of the fact that there is no federal disputed issue, the *Grable* test has not been satisfied, and the Court need not analyze the remaining elements. Accordingly, jurisdiction cannot be

based on the substantial federal question exception to the well-pleaded complaint rule.

        3. *Artful Pleading Exception*

Under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983). "The artful pleading doctrine allows courts to 'delve beyond the face of the state court complaint and find federal question jurisdiction' by 'recharacteriz[ing] a plaintiff's state-law claim as a federal claim.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), as amended (Sept. 22, 2003) (quoting *Precision Pay Phones v. Qwest Communications Corp.*, 210 F. Supp. 2d 1106, 1112–13 (N.D. Cal. 2002)). Courts have used the artful pleading doctrine in complete preemption cases, substantial federal question cases, and cases where the claim is necessarily federal in character. *See id.* 340 F.3d at 1041 (9th Cir. 2003); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). However, the artful pleading doctrine should only be invoked in "limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id.* (citation and internal quotation omitted).

As the Court has already found that substantial federal question does not apply in this case, the Court will address Defendant's argument that the instant matter is a preemption case. Specifically, Defendant argues "that the Ninth Circuit did not agree with *SFR*'s reasoning on the issue of federal due process, and intended to displace that precedent with its own," and "[b]ecause the two precedents are in conflict and the Ninth Circuit intended for its decision to displace Nevada's on an issue of federal constitutional law, quiet title actions based on NRS 116.3116 et seq. are completely preempted by federal law." (Resp. 8:12–16).

The "complete pre-emption doctrine" describes "those cases in which federal law completely preempts state law and provides a federal remedy." *Ethridge v. Harbor House Rest.*,

861 F.2d 1389, 1403 (9th Cir. 1988). Complete preemption "provides that, in some instances, 'the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law . . . [and] any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)).

Here, there is no federal statute at issue; rather, there are competing interpretations of a state statute as a result of the Ninth Circuit's decision in *Bourne Valley*. Therefore, there has been no preemption of state law through federal regulation or federal statute. *See ARCO*, 213 F.3d at 1114 ("Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case."). Thus, the Court finds that complete preemption does not apply and is not persuaded by Defendant's argument that the claims are necessarily federal in character. Accordingly, the Complaint does not artfully plead a federal cause of action.

### 4. Coercive Action Exception

Additionally, the Court is not persuaded by Defendant's argument that the coercive action doctrine allows this case to remain in federal court. A narrow exception to the well-pleaded complaint rule exists in the context of certain "coercive" actions for declaratory judgment. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). However, "[d]eclaratory actions, such as a claim for quiet title, do not implicate the same considerations as coercive actions." *Alessi & Koenig LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2-15-cv-01946-GMN-GWF, 2017 WL 2636044, at *3 (D. Nev. June 19, 2017); *Salomon v. Fed. Nat'l Mortg. Ass'n*, No. 2-15-cv-00332-GMN-VCF, 2017 WL 1273868, at *2 (D. Nev. Mar. 31, 2017).

Here, as in the cases cited *supra*, the face of the Complaint contains only claims based

on state law, and Defendant has not convincingly shown an exception to the well-pleaded complaint rule. Rather, this case more closely resembles the "settled law that a case may not be removed . . . on the basis of a federal defense," than the doctrine described in *Medtronic*, where a request for declaratory judgment is closely related to a viable federal coercive claim. *See Thunder Properties, Inc. v. Treadway*, No. 3-15-cv-00141-MMD-VPC, 2017 WL 899961, at *3 (D. Nev. Mar. 7, 2017) (rejecting the argument that the coercive action doctrine establishes federal jurisdiction in a similar case). The Court therefore finds that Defendant has failed to establish federal question jurisdiction in this action.

### B. Diversity Jurisdiction

Alternatively, Defendant asserts in its Petition for Removal that the Court has diversity jurisdiction. (Pet. for Removal ¶ 5, ECF No. 1). In support, Defendant alleges that its main office location is in California and Defendant was organized under the laws of the United States thereby making Defendant a citizen of California for diversity purposes. (*Id.*). Defendant further alleges that Plaintiff is a Nevada limited liability company and therefore a citizen of Nevada for diversity purposes. (*Id.*). Additionally, Defendant asserts that Staci Hall ("Hall"), the former owner of the property and Nevada resident, is an improperly joined defendant to the state action. (*Id.*); (*see* Compl. ¶ 4, Ex. A to Pet. for Removal, ECF No. 1-2).

To establish diversity jurisdiction, the removing party must demonstrate that there was complete diversity among the parties at the time of removal. *See Morris*, 236 F.3d at 1067. "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted). "In such a case, the district

court may ignore the presence of that defendant for purposes of establishing diversity." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

The Court finds that Defendant has failed to meet its heavy burden to prove that the joinder of Hall, the in-state party, was improper. *See id.* In *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110 (9th Cir. 2016), the Ninth Circuit held that it was not fraudulent to name the former homeowner as a defendant in a quiet title action because the former homeowner "could still assert an interest in the property by challenging the [Home Owners Association ("HOA")] foreclosure sale on equitable grounds." 831 F.3d at 1114. Under Nevada law, a former homeowner can bring claims challenging the HOA foreclosure sale within five years of the sale. NRS § 11.070; *see Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1107 (Nev. 2016) (holding that "in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale").

Here, there have been two foreclosure sales since Hall owned the property. The first sale that extinguished Hall's property rights occurred on September 25, 2013. (Mot. to Remand 8:3–4). Because Hall as the former homeowner could potentially bring an equitable claim for quiet title under state law within five years of the foreclosure sale, Hall's ability to challenge the sale existed when the state action was filed. Therefore, Plaintiff can articulate a colorable claim against Hall for quiet title. Accordingly, Hall is not fraudulently joined. Furthermore, as Plaintiff and Hall are both citizens of Nevada, complete diversity does not exist on these facts and Defendant has failed to establish diversity jurisdiction.

Additionally, Defendant argues that "[i]f *Weeping Hollow* is applied to prohibit diversity jurisdiction, then it should also be applied to establish that [Defendant's] defense that the NRS 116.3116 is facially unconstitutional (as held in *Bourne Valley*) is an integral and inseparable part of the quiet title action" and therefore establishes federal question jurisdiction. (Resp. 14:28–15:3). The Court finds that the Ninth Circuit's holding in *Weeping Hollow* that there

was no fraudulent joinder and that the homeowner's presence in the action divested the district court of diversity jurisdiction requiring remand to state court does not establish federal question jurisdiction in instant case. *See Weeping Hollow*, 831 F.3d at 1114.  Furthermore, "a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. 386, 393 (1987).  In light of the foregoing, the Court does not have jurisdiction over this case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this __16__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court